## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **JAMES R. MILLER,** | ) |
| | ) |
| Plaintiff, | ) Case No.: 2012 CV 9905 |
| | ) |
| -vs- | ) Judge: Judge Sharon Johnson Coleman |
| | ) |
| **NFI INDUSTRIES, INC.,** | ) Magistrate: Judge Jeffrey T. Gilbert |
| | ) |
| Defendant. | ) |

---

| | |
|---|---|
| **OLD REPUBLIC LIFE INSURANCE** | ) |
| **CO.**, a/s/o **DART TRANSIT COMPANY** | ) |
| and **MAINSTREAM TRANSPORTATION** | ) |
| **INC.**, a/s/o **RUBEN MILLER** | ) |
| | ) |
| Plaintiffs, | ) Case No.: 2013 CV 306 |
| | ) |
| -vs- | ) Judge: Judge Amy J. St. Eve. |
| | ) |
| **ABM INDUSTRIES INCORPORATED,** | ) Magistrate: Judge Michael T. Mason |
| **ABM SECURITY SERVICES, INC.,** | ) |
| **NFI INDUSTRIES,** and **JANE DOE,** | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT NFI INDUSTRIES, INC.'S MOTION FOR REASSIGNMENT BASED ON RELATEDNESS PURSUANT TO LOCAL RULE 40.4

NOW COMES Defendant NFI INDUSTRIES, INC., by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., and for its Motion for Reassignment Based on Relatedness Pursuant to Local Rule 40.4 states as follows:

1.    Plaintiff James R. Miller in case number 2012 CV 9905 filed a personal injury action sounding in negligence against Defendant NFI Industries, Inc. for an alleged accident

occurring on November 12, 2010.[1] (A copy of this Complaint is attached as Exhibit "A".) Case number 2012 CV 9905 is presently pending before the Honorable Sharon Johnson Coleman.

2.      Plaintiff Old Republic Life Insurance Co. in case number 2013 CV 00306 filed a negligence action against Defendant NFI Industries, Inc., among others, seeking recovery of medical expenses incurred as a result of personal injuries suffered by James R. Miller from the same November 12, 2010 accident.[2] (A copy of this Complaint is attached as Exhibit "B".) Case number 2013 CV 00306 is currently pending before the Honorable Amy J. St. Eve.

3.      In both actions, Plaintiffs have alleged that Defendant NFI Industries, Inc., is liable for damages under various theories of negligence for the same November 12, 2010 occurence involving James R. Miller.

4.      Local Rule 40.4 provides in the pertinent part:

Two or more civil cases may be related if one or more of the following conditions are met:

(1) the cases involve the same property;

(2) the cases involve some of the same issues of fact or law;

(3) the cases grow out of the same transaction or occurrence; or

(4) in class action suits, one or more of the classes involved in the cases is or are the same.

5.      It is anticipated that the discovery in these actions will be duplicative given the same theories of liability, damages, and the overlap between the parties.

---

[1] The case was originally filed in the Circuit Court of Cook County, Illinois and removed to this District by the Defendant on the basis of diversity jurisdiction. The Notice of Removal is document number 1 on the electronic docket.
[2] The case was originally filed in the Circuit Court of Will County, Illinois and removed to this District by the Defendant on the basis of diversity jurisdiction. The Notice of Removal is document number 1 on the electronic docket.

6.      Both cases involve the same occurrence and alleged negligent acts or omissions by Defendant, NFI Industries, Inc. and allegations of comparative fault against Plaintiff James R. Miller.

7.      Both cases involve the same issues of fact or law.

8.      The cases arise out of the same November 12, 2010 occurrence.

9.      Both cases are currently pending in the Northern District of Illinois, Eastern Division.

10.     The handling of both cases by the same Judge is likely to result in a substantial saving of judicial time and effort given the overlapping theories of liability. Moreover, to avoid collateral estoppel concerns, both actions should be resolved by a single trial and judgment.

12.     Both cases have commonality as set forth above which makes the cases related.

13.     Therefore, case number 2013 CV 00306 should be transferred to the Honorable Sharon Johnson Coleman for consolidation with case number 2012 CV 9905 and for all further proceedings, including trial.

WHEREFORE, Defendant NFI INDUSTRIES, INC. respectfully requests that this Honorable Court grant this motion and enter an order requesting that the executive committee reassign case number 2013 CV 00306 to the Honorable Sharon Johnson Coleman for all further proceedings, including trial.

Respectfully submitted,

JOHNSON & BELL, LTD.

By:     /s/Robert M. Burke
        Robert M. Burke, one of the
        Attorneys for NFI Industries, Inc.

3

ROBERT M. BURKE
JOHNSON & BELL, LTD.
Attorney for Defendants
33 West Monroe Street, Suite 2700
Chicago, Illinois 60603
Telephone: (312) 372-0770

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

James R. Miller,

*Plaintiff,*

v.                              No. _____

NFI Industries, Inc.,

*Defendant.*          JURY DEMANDED

### COMPLAINT AT LAW

Plaintiff James R. Miller, by counsel COCHRAN, CHERRY, GIVENS, SMITH & MONTGOMERY, LLC, complains of defendant NFI Industries, Inc. as follows:

1. On November 12, 2010, and for some time prior to that date, defendant NFI Industries Inc. possessed premises at 27143 Baseline Road in Elwood, Illinois (the "Premises").

2. The Premises consisted in part of a concrete parking lot or truck yard.

3. On November 12, 2010, plaintiff James Miller was working as a truck driver.

4. Plaintiff James Miller was assigned to travel to the Premises on November 12, 2010, to pick up a loaded trailer from the Premises.

5. At all times mentioned herein, plaintiff James Miller was permitted to be on the Premises.

6. On November 12, 2010, plaintiff James Miller drove onto the Premises to pick up the loaded trailer.

7. When plaintiff James Miller arrived at the Premises, a guard at the gate told him to pull up and stop his truck at a certain place on the Premises.

8. On information and belief, the guard is an employee of defendant NFI



Industries, Inc. and was acting within the scope of his or her employment.

9. When plaintiff James Miller stopped his truck at that place, he exited his truck.

10. Unbeknownst to plaintiff James Miller, there was a defect in the concrete on the Premises.

11. When plaintiff James Miller stepped down out of his truck, he slipped and fell as a result of the defect in the concrete.

12. Plaintiff James Miller suffered disabling injuries as a result of the fall including but not limited to debilitating neck and back pain.

13. Plaintiff James Miller required extensive medical treatment and physical therapy as a result of the fall. The cost of this treatment has already exceeded $65,000, and plaintiff James Miller still requires ongoing care.

14. Plaintiff has named NFI Industries, Inc. as the defendant in this case because plaintiff believes that defendant NFI Industries, Inc. possessed the Premises. Plaintiff intends to sue the party responsible for possessing the Premises.

## COUNT I—NEGLIGENCE–PREMISES LIABILITY

15. Plaintiff re-alleges paragraphs 1–14 of this Complaint as if fully set forth herein.

16. Defendant NFI Industries, Inc. had a duty to exercise reasonable care with respect to the maintenance of the Premises.

17. Defendant NFI Industries, Inc. had a non-delegable duty to maintain the

-2-

Premises in a reasonably safe condition for the benefit of persons lawfully on the Premises, including plaintiff James Miller.

18. Despite those duties, and in breach of them, defendant NFI Industries, Inc., individually and by its agents, committed the following negligent acts and/or omissions:

    a. Improperly allowed and permitted the concrete on the Premises to become delaminated, spalled, and defective;

    b. Failed to inspect the concrete for signs of delamination, spalling, or other defects;

    c. Failed to establish procedures for ensuring that the concrete was properly maintained;

    d. Failed to make a reasonable inspection of the Premises to ensure that the Premises were reasonably safe;

    e. Failed to warn plaintiff James Miller of the defective condition of the concrete; and/or

    f. Was otherwise careless and/or negligent.

19. As a direct and proximate result of one or more of defendant NFI Industries, Inc.'s aforementioned negligent acts and/or omissions, plaintiff James Miller slipped, fell, and sustained serious personal injuries, resulting in significant medical expenses, pain and suffering, disability, loss of a normal life, emotional suffering, and lost wages.

WHEREFORE, plaintiff James Miller asks for judgment against defendant NFI Industries, Inc. in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division, plus costs.

-3-

## COUNT II—ORDINARY NEGLIGENCE

20. Plaintiff re-alleges paragraphs 1–14 of this Complaint as if fully set forth herein.

21. The guard employed by defendant NFI Industries, Inc. had a duty to refrain from instructing visitors to the Premises to go to unreasonably dangerous locations on the Premises without warning such visitors of such danger.

22. In violation of that duty, the guard employed by defendant NFI Industries, Inc. instructed plaintiff James Miller to park his truck in a location on the Premises that the guard knew or should have known was unreasonably dangerous given that it was immediately adjacent to the concrete defect.

23. As a direct and proximate result of the guard's affirmative negligence in instructing plaintiff James Miller to go to the dangerous location, and the guard's failure to warn plaintiff James Miller of the danger, plaintiff James Miller slipped, fell, and sustained serious personal injuries, resulting in significant medical expenses, pain and suffering, disability, loss of a normal life, emotional suffering, and lost wages.

24. Because, on information and belief, the guard was an employee of defendant NFI Industries, Inc. acting within the scope of his or her employment, defendant NFI Industries, Inc. is vicariously liable for the guard's negligence.

WHEREFORE, plaintiff James Miller asks for judgment against defendant NFI Industries, Inc. in excess of the minimum jurisdictional requirements for assignment of this case to the Law Division, plus costs.

-4-

**PLAINTIFF DEMANDS TRIAL BY JURY**

**JOHN K. KENNEDY**
Associate Attorney
COCHRAN, CHERRY, GIVENS,
    SMITH & MONTGOMERY, LLC
*Attorneys for Plaintiff James Miller*
One North LaSalle Street, Suite 2450
Chicago, IL 60602
(312) 977-0200
Firm I.D. No. 37432

-5-





Law Offices Of

HRAN, CHERRY, GIVENS
& MONTGOMERY, L.L.C.

TH LaSALLE STREET • SUITE 2450
CHICAGO, ILLINOIS 60602

7196 9008 9115 5249 5346
**RETURN RECEIPT REQUESTED**

$ 005.95⁰

NFI Corporate Headquarters
1515 Burnt Mill Road
Cherry Hill, NJ 08003

0800383637 C081

**IN THE CIRCUIT COURT FOR THE 12th JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

Old Republic Life Insurance Co. )
a/s/o Dart Transit Company and )
Mainstream Transportation Inc. )
  a/s/o Ruben Miller )
                               )
         Plaintiff, )
                             )
     v.                    )
                             )
ABM Industries Incorporated, ABM )
Security Services, Inc., )
NFI Industries, and )
Jane Doe )
         Defendants. )

No.:       12L 0892

FILED
12 NOV 13 AM 9:1?
CLERK CIRCUIT COURT
WILL COUNTY ILLINOIS
WILL COUNTY COURT ANNEX



**COMPLAINT**

**Plaintiff, Old Republic Life Insurance Co., as subrogee of Dart Transit Company and Mainstream Transportation Inc. as subrogee of Ruben Miller,** by its attorneys, PORADA LAW OFFICES, LTD., and complaining of the **Defendants, ABM Industries Incorporated, ABM Security Services, Inc., NFI Industries and Jane Doe, individually and as authorized agent, servant or employee of the Defendants ABM Industries Incorporated, ABM Security Services, Inc.,** states:

**PARTIES**

1.    At all times relevant hereto, Plaintiff and subrogee, Old Republic Life Insurance Co. ("ORLIC"), was an Illinois corporation duly authorized and licensed to do business in the State of Illinois, engaged in the business of providing insurance coverages, including occupational accident insurance coverage.

Initial case management set for
3·04·13 at: 9 am/pm
Will County Court Annex



2.     Dart Transit Company and Mainstream Transportation Inc. ("Dart"), was at all times relevant a Minnesota corporation. Dart also maintained an office at 2820 Danieldale Rd., Lancaster, TX 75137.

3.     Ruben Miller ("Miller"), was at all time relevant hereto a resident of Florida. He resides at 2407 Elderwood Ct., Orlando, Fl. 32808.

4.     Defendant, ████ Industries Incorporated was at all times relevant doing business in the State of Illinois and maintains an office at One North LaSalle Street, Suite 1050, Chicago IL 60602. Its Registered Agent is CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

5.     Defendant, ABM Security Services, Inc. is California corporation registered to do business in Illinois, with and its registered agent is CT corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Il 60604.

6.     NFI Industries ("NFI"), is a New Jersey Corporation located at 71 West Park Avenue, Vineland, NJ 08360. NFI Industries maintains a facility at 27143 Baseline Rd., Elwood, IL 60421.

## VENUE

1.     Venue is also proper pursuant to 735 ILCS 5/2-101, as the injury arose out of events which occurred at 27143 Baseline Rd., Elwood, IL 60421(the "Premises").

## COUNT I
### (Negligence – All Defendants)

2.     On November 12, 2010, Miller was covered under a policy of insurance issued by Old Republic Life Insurance Co. to Dart Transit Company and Mainstream Transportation Inc. which provided, among other things,

insurance coverage for payment of medical expenses incurred as a result of a personal injury.

3. Said insurance policy includes a subrogation clause, which grants ORLIC the right to subrogate any and all rights of recovery Miller may have against any party.

4. Said policy was in full force and effect on November 12, 2010.

5. On November 12, 2010 Miller was working as a driver for Dart.

6. On that date Miller drove a tractor trailer to an NFI facility located at 27143 Baseline Rd., Elwood, IL 60421.

7. On the aforementioned date, Jane Doe was a security guard working at a security guard shack at the entrance of the Premises.

8. On the aforementioned date, Jane Doe was an agent, servant or employee, of the Defendants ABM Industries Incorporated and ABM Security Services and was acting within the scope and course of said agency or employment.

9. That it then and there and at all times relevant became the duty of the Defendants, and each of them, to exercise all due care and caution when directing Miller where to park his tractor trailer for inspection and in maintaining the Premises.

10. On the aforementioned date and Premises, Miller was directed by Jane Doe to park his tractor trailer just past the guard shack.

11. Miller followed the directions of Jane Doe.

- 3 -

12. While exiting his vehicle, Miller stepped into a pothole and injured himself.

13. Jane Doe immediately came to him and commented that she had previously complained that the pothole needed to be repaired.

14. Subsequent to the Accident, Jane Doe filled out an incident report indicating her name was "Sharp" the form also referred to her as officer Sharp.

15. Notwithstanding said duty, the Defendants are guilty of one or more of the following acts or omissions of negligence:

    a. Improperly operated, managed, maintained and controlled its premises in failing to properly maintain the aforementioned entrance and exist on the Premises;

    b. Failed to warn the Plaintiff and other persons lawfully on said Premises of the dangerous condition when Defendants knew or should have known in the exercise of ordinary care that said warning was necessary to prevent injury to the Plaintiff.

    c. Failed to make a reasonable inspection of its Premises when it knew or in the exercise of ordinary care should have known that said inspection was necessary to prevent injury to the Miller and others lawfully on said Premises.

    d. Failed to initiate, implement, supervise, and/or maintain adequate procedures to ensure the safety of its invitees, including Miller while he performed his job on the date of the occurrence;

    e. Failed to initiate, implement, supervise, and/or maintain adequate procedures for reporting unsafe conditions during the course of Miller's job; and

    f. Failed to take proper precautions when directing Miller;

    g. Failed to maintain a proper lookout;

    h. Negligently failed to give any warning signal to Miller;

    i. Failed to stop Miller when danger to was imminent;

- 4 -

j. Failed to properly and reasonably supervise Defendant, Jane Doe; and

k. Was otherwise careless and negligent.

16. That as a direct and proximate result of one or more of the foregoing careless and negligent acts of the Defendants, Plaintiff has and will further expend large sums of money for the injuries of Miller.

**WHEREFORE**, Plaintiff, **Old Republic Life Insurance Co., as subrogee Dart Transit Company and Mainstream Transportation Inc. as subrogee of Ruben Miller** prays that judgment be entered in its favor and against the Defendants, **Defendants, ABM Industries Incorporated, ABM Security Services, Inc., NFI Industries and Jane Doe**, individually and as authorized agent of the Defendants **ABM Industries Incorporated, ABM Security Services, Inc., ADM Security, NFI Industries** in an amount in excess of $50,000.00 together with the costs in bringing this action and for all other relief that this Court deems just.

Respectfully submitted,

**OLD REPUBLIC LIFE INSURANCE CO.**

_____
One of the Attorneys for Plaintiff

Robert J. Porada
ARDC: 6186741
Porada Law Offices, Ltd.
208 W. Washington Boulevard
Suite 1012
Chicago, IL 60606-3574
312-357-6800

- 5 -