36702/13738/JDA/CRO                                          Firm ID No. 0012216

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

JAMES R. MILLER,

                    Plaintiff,

v.

NFI INTERACTIVE LOGISTICS, LLC,

                    Defendant/Third Party Plaintiff,

v.

ABM SECURITY SERVICES, INC.,

                    Third Party Defendant.

No. 1:12 CV 9905

[related to 1:13 CV 00306]

Judge Sharon Johnson Coleman

Magistrate Jeffrey T. Gilbert

### THIRD PARTY DEFENDANT ABM SECURITY SERVICES, INC.'S
### MOTION FOR GOOD FAITH FINDING

NOW COMES the Third Party Defendant, ABM SECURITY SERVICES, INC., by and through its attorneys, CASSIDAY SCHADE LLP, and moves this Honorable Court for a good faith finding that a settlement made by and between this third party defendant and plaintiff, JAMES R. MILLER, is a settlement made in good faith pursuant to Illinois statutes, and for reasons therefore, it states as follows:

1.      The plaintiff, James R. Miller, brought suit against defendant, NFI Interactive Logistics, LLC, seeking recovery for injuries he sustained when he allegedly fell in a pothole while exiting his truck on November 12, 2010 at property leased for use by NFI Interactive Logistics, LLC, located at 27143 S. Baseline Road, Elwood, Illinois. Thereafter, NFI Interactive Logistics, LLC brought a Third Party Complaint against ABM Security Services, Inc. seeking contribution for plaintiff's injuries.  The evidence to date has demonstrated that ABM Security Services, Inc. entered into a contract with National Freight, Inc. in which ABM Security Services, Inc. was to provide security services only at the Elwood location.  ABM Security

1

Services, Inc. had no responsibility to maintain the property, and in particular the parking lot/driveway surfaces.

2.    This third party defendant has filed an Answer to the Third Party Complaint denying the material allegations contained therein.

3.    In settlement of all claims presented by plaintiff and defendant against this third party defendant, and/or its agents, servants and/or employees, third party defendant, ABM SECURITY SERVICES, INC. has offered the sum of Thirty Three Thousand Dollars ($33,000.00) as full settlement of all claims brought and related to plaintiff's alleged injuries. The settlement has been accepted by plaintiff and his attorney and is considered fair by the parties, and was reached during a settlement conference with Magistrate Jeffrey Gilbert. Accordingly, this Court is petitioned to approve this settlement and release and/or covenant not to sue in the sum of $33,000.00 to the benefit of the parties to this agreement.  Attached as Exhibit A is a copy of the proposed General Release.

4.    Liability and proximate cause of any alleged negligence as to the plaintiff's injury continues to be denied by this third party defendant and its agents, servants and/or employees. However, this third party defendant and plaintiff, by their attorneys, believe that the compromising of this claim of disputed liability in the stated amount represents a reasonable settlement made in good faith under the facts and circumstances as developed in this case.

5.    In determining whether settlement agreements are entered in good faith, the court is allowed broad discretion in determining what is required for finding of good faith settlement; the trial court must often rely on its own experience to determine whether settlement is made in good faith, *Argueta v. Baltimore and Ohio Chicago Terminal Railroad Company, 166 Ill.Dec.428 (1991)*.  Illinois courts have noted that the amount of settlement is only one factor to consider.   The courts have specifically noted that damages are often speculative and the

2

probability of legal liability is uncertain, so that an amount of settlement may be different from the eventual determination of damages, if any, awarded by the jury and still be considered to be entered in to in good faith pursuant to the terms of the Illinois Joint Tortfeasor Contribution Act, *Perez v. Espinoza, 137 Ill.App.3d 762, 484 N.E.2d 1232 (1985).* As long as potential for tort liability exists, settlement can be reached in good faith, *American National Bank v. Bransfield, 160 Ill.Dec.59 (1991).*

6. This third party defendant, without admitting liability, and specifically denying liability, has entered into a settlement agreement with plaintiff's counsel, which agreement has been agreed to by JAMES R. MILLER, providing for a payment of $33,000.00 in compromise of the claim against ABM SECURITY SERVICES, INC., its agents, servants, and/or employees.

8. That the settlement entered into by and between ABM SECURITY SERVICES, INC. and plaintiff, JAMES R. MILLER, is a settlement entered into in good faith and for the purpose of discharging all potential liability on behalf of this third party defendant, its agents, servants, and/or employees.

WHEREFORE, the Third Party Defendant, ABM SECURITY SERVICES, INC. prays this Honorable Court to enter an Order pursuant to the Illinois statutes finding that the settlement entered into between this third party defendant and plaintiff is a settlement in good faith, and to further extinguish all liability of ABM SECURITY SERVICES, INC. in this matter and to dismiss, with prejudice, the Third Party Complaint filed against it by defendant, NFI INTERACTIVE LOGISTICS, LLC.

3

CASSIDAY SCHADE LLP

By: _____

Attorneys for Third Party Defendant, ABM SECURITY SERVICES, INC.

James D. Ahern
Constance R. O'Neill
CASSIDAY SCHADE LLP
20 N. Wacker Drive
Suite 1000
Chicago, IL 60606
(312) 641-3100
(312) 444-1669 Fax
coneill@cassiday.com

7856841 CONEILL

13738/36702/JDA/CRO

## GENERAL RELEASE & SETTLEMENT AGREEMENT

KNOW NOW ALL MEN BY THESE PRESENT that I, **RUBEN JAMES MILLER**, for and in consideration of the sum of **THIRTY THREE THOUSAND DOLLARS AND NO CENTS ($33,000.00)** to me in hand paid, receipt of which sum is hereby acknowledged, do hereby release, remise, and forever discharge **ABM Security Services, Inc., and their former and current employees, agents, representatives, principals, attorneys, subsidiaries, affiliates, assigns, insurers, predecessors and successors in interest, and parent companies,** (hereafter referred to as "Released Parties"), because of anything done or omitted to be done by them, or each of them, including, but not limited to, all liability, claims, causes of action, demands, rights, damages, costs, loss of service, expenses, money expended or to be expended, and obligations of any kind or nature whatsoever for injury to person, damage to property, loss of goods and services, loss of companionship, loss of consortium, loss of pecuniary support, and any and all other losses or damages of any kind or nature whatsoever, including money expended or to be expended in and about curing myself or others of injury to person and damage to property allegedly growing out of an incident which occurred on November 12, 2010, at or near 27143 S. Baseline Road, Elwood, Illinois, liability for all of which is hereby expressly denied by the Released Parties.

IN FURTHER CONSIDERATION of said sum so paid, Releasor does hereby remise, release and forever discharge the Released Parties of and from all claims sued for in a certain cause of action entitled **James R. Miller v. NFI Interactive Logistics, LLC, et. al.,** being case number 12 CV 9905 in the United States District Court for the Northern District of Illinois,



Eastern Division.

**IT IS UNDERSTOOD** and agreed that this settlement is the compromise of a doubtful and disputed claim, that the payment made is not to be construed as an admission of liability on the part of the Released Parties, that the said Released Parties deny liability therefore and intend merely to avoid litigation and buy their peace.

**IN SIGNING THIS RELEASE,** the Releasor, RUBEN JAMES MILLER, hereby intends to release and discharge the Released Parties of and from all unknown and unanticipated personal injury, property damage, loss of services and society, loss of companionship, loss of consortium, loss of pecuniary support, and any and other losses or damages of any kind or nature whatsoever, which have accrued or may accrue in the future. In signing this Release, the Releasor, RUBEN JAMES MILLER, hereby represents that he has not relied upon any representations made by any person or entity hereby released or the agent, servant, and/or employee of any agent or entity hereby released, or upon the representation of any physician or surgeon by them employed, and that he relies solely on his own judgment, belief and knowledge of the nature, extent, effect and duration of said injuries and liability therefore.

**FURTHER,** in signing this Release, the Releasor, RUBEN JAMES MILLER, hereby intends that the Released Parties shall not be required to pay, individually or to his heirs, next of kin, executors, administrators, successors, and/or assigns, anything in addition to what has already been paid pursuant to this Release, it being the express intention of the Releasor, RUBEN JAMES MILLER, to extinguish as against the Released Parties any and all rights, which he has or may have as well as any and all other rights or causes of action, which his heirs, next of kin, executors, administrators, successors, and/or assigns of RUBEN JAMES MILLER, have or may

have to seek additional compensation for personal injury, property damage, loss of services, and society to one another, loss of companionship, loss of pecuniary support, and any and all other losses or damages of any kind or nature whatsoever, whether they have accrued in the past or may accrue in the future, and any and all other rights or causes of action, which RUBEN JAMES MILLER, has or may have against the Released Parties.

**IT IS HEREBY REPRESENTED AND UNDERSTOOD** as between the parties to this Release, that the Releasor, RUBEN JAMES MILLER, signs this Release on his behalf and that in signing this Release, the Releasor expressly represents that he has the legal authority to sign this Release on his behalf and to bind himself to all terms and conditions set forth in this Release Agreement.

**IT IS HEREBY** expressly warranted by the undersigned that no other person or entity, including but not limited to any of his attorneys and insurers has asserted or is able to assert any lien, claim, or entitlement to any portion of the consideration recited above, which has not been satisfied or will not be satisfied immediately out of the above recited consideration being paid for this Release. The undersigned further expressly agrees to indemnify and hold harmless **ABM Security Services, Inc., and their former and current employees, agents, representatives, principals, attorneys, subsidiaries, affiliates, assigns, insurers, predecessors and successors in interest, and parent companies**, and their attorneys, including the law firm of CASSIDAY SCHADE LLP, from any lien, claim, or entitlement to any portion of the consideration recited above being paid for this Release, which may be asserted at any time by any person or entity, including but not limited to any attorneys or Public Aid liens, medical and hospital liens, Medicare and Medicaid liens, that are or might be asserted against this claim.

**FURTHER**, the undersigned declares and represents that no promise, inducement, or agreement not herein expressed has been made to the undersigned, that the Release contains the entire agreement between the parties hereto, and that the terms of the Release are contractual, and not a mere recital.

## THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT


_____
**Ruben James Miller**

DATE:_____, 2014.


SUBSCRIBED AND SWORN before me
This _____ day of _____, 2014


_____
NOTARY PUBLIC


7855979 CONEILL