UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES R. MILLER, | ) | |
| | ) | 12-cv-9905 |
| Plaintiff, | ) | |
| | ) | Judge Sharon Johnson Coleman |
| vs. | ) | |
| | ) | Magistrate Judge Jeffrey Gilbert |
| NFI INDUSTRIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For the reasons set forth below, NFI Industries, Inc.'s motion to bar James Miller from presenting any evidence at trial of medical expenses or wage loss through Novemebr 13, 2011 [79] is granted.

## STATEMENT

      NFI argues that pursuant to a contract between Old Republic Life Insurance and Plaintiff's employer, Dart Transit Company, Old Republic paid all of Miller's medical expenses related to his injury litigated in the Circuit Court of Cook County, and also compensated Miller for his inability to work for the time period of December 6, 2010 - November 13, 2011. On December 16, 2013, the parties settled before Magistrate Judge Gilbert. The subrogation claim was specifically discussed and it was agreed that Old Republic was the only entity which had a right to seek damages for medical costs and wage loss.

      Defendant now moves to bar Miller from presenting any evidence at trial of medical expenses or wage loss through November 13, 2011, arguing that the release and settlement of Old Republic's claim is the final adjudication regarding any medical expenses and wage loss, and that by operation of the contract, Plaintiff no longer retains a right to recover medical expenses or wage loss.

      Miller contends that the collateral source rule of tort law applies, allowing him to submit evidence of the expenses to a jury. Moreover, Miller argues that NFI is allowed a credit for the amount settled upon, but that Plaintiff should, nonetheless, be allowed to recover any additional medical expenses and wage loss found. The Court disagrees.

The Seventh Circuit has ruled that a plaintiff does *not* enjoy the benefit of the collateral source rule when his rights against the wrongdoer have been subrogated to an indemnitor. *Carter v. Berger*, 777 F.2d 1173, 1175 (7th Cir. 1985). In *Carter*, the 7th Circuit held that the collateral source rule applies "whether or not the victim has providently supplied another source of compensation, *unless the supplier of the compensation has a subrogation clause*." *Id.* (emphasis added)(*See also Austin Co. v. International Brotherhood of Electrical Workers, Local Union No. 701*, 665 F. Supp. 614, 620 (N.D. Ill. 1987)).

Here, Miller accepted benefits for medical expenses and his inability to work from Old Republic, assigning his right to recover all medical expenses and Accident Disability Benefits paid to him, due to his inability to work, to Old Republic. Therefore, Miller is exempt from the collateral source rule as his rights against the wrongdoer have been subrogated. While Miller retains the right to seek damages for all other claims in his complaint - pain and suffering, loss of a normal life, and emotional suffering - the right to recover medical expenses and wage loss was wholly transferred to Old Republic. Accordingly, NFI's motion to bar Miller from presenting any evidence at trial of medical expenses or wage loss through November 13, 2011 [79] is granted over objection.

IT IS SO ORDERED.
Date: May 14, 2014

/s/ Sharon Johnson Coleman
Sharon Johnson Coleman
United States District Judge
