ARDC No. 6283176                                   File No. 20588/JSJ

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JAMES R. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 12 CV 9905 |
| | ) |
| NFI LOGISTICS, LLC. | ) |
| | ) |
| Defendant. | ) |

## MOTION TO ADJUDICATE ANY PAST AND FUTURE INTEREST OF MEDICARE IN THE PERSONAL INJURY SETTLEMENT OF PLAINTIFF

Now comes the Plaintiff, JAMES R. MILLER, by his attorneys, O'CONNOR & NAKOS, LTD. and moves this Honorable Court to adjudicate any past and future interest of Medicare in the personal injury settlement of Plaintiff, and in support thereof, states as follows:

1. This matter involves injury Mr. Miller suffered on November 12, 2010 when he tripped and fell while descending from the cab of his truck when he stepped into a pothole on the premises of Defendant, NFI.

2. .Plaintiff suffered an aggravation of preexisting conditions to various areas of his body as a result of the incident.

3. Defendant has offered to settle this matter for $42,000.00 and Plaintiff has agreed to accept said amount to settle his claims.

4. Plaintiff received medical treatment for his injuries beginning shortly after November 12, 2010 and concluding on September 13, 2013.

5. Plaintiff became Medicare eligible on or about May 1, 2013.

6. All of Plaintiff's medical bills were paid for by Old Republic Insurance Company which provided medical payments coverage for Plaintiff for any injuries sustained while working as a truck driver for a period of up to three years following the occurrence of an injury.

7. Old Republic brought its own lawsuit against Defendant NFI to recover the amount of medical bills it paid on Plaintiff's behalf.

8. Defendant NFI and Old Republic settled Old Republic's claim for recovery of said medical bills.

9. Defendant NFI later moved to bar any evidence of and to bar Plaintiff Miller from recovering any of the medical bills he incurred as mentioned above and said motion was granted by this Court.

10. Medicare did not pay for any medical bills incurred by Plaintiff which are causally related to the injuries claimed in this action.

11. Nobody paid for any of Plaintiff's medical bills causally incurred as a result of this action except Old Republic Insurance Company.

12. Because Medicare did not pay for any medical bills incurred by Plaintiff as a result of this subject action, Medicare cannot and does not have a right to any conditional payments.

13. This is a disputed liability case where Defendant claims it is not guilty of any negligence, that Plaintiff is guilty of comparative / contributory fault for causing his own injuries, Plaintiff was not injured, and that Plaintiff was not injured to the extent claimed.

14. In fact, Defendant hired Dr. Zelby as a Rule 26(a)(2) expert in this case and Dr. Zelby is the only physician in this case who read Plaintiff's prior medical records and prior deposition testimony regarding his past injuries and pre-existing conditions. Dr. Zelby opined that at most Plaintiff suffered a temporary aggravation of pre-existing conditions in the subject

occurrence which would have returned to their baseline level by March of 2011, about 4 months after the subject incident.

16. Plaintiff has not received any medical treatment for any injuries related to the subject occurrence since September 13, 2013 and he does not intend to seek any treatment in the future for said injuries.

16. Consequently, there is no contemplation of any future cost of medical expenses related to this occurrence so there is no interest of Medicare in this action related to any future medical expenses.

17. Even if there was contemplation of future medical expenses, there is no such thing as a Medicare Set-Aside in the context of a personal injury liability case such as this one so there is no future Medicare interest in this matter.

18. In *Sipler v Trans Am Trucking,* the Senior District Judge for the District of New Jersey held:

> Indeed, no federal law requires set-aside arrangements in personal injury settlements for future medical expenses. To be sure, Medicare set-asides are prudent in settlements for future medical expenditures in the worker's compensation context because, under the MSP, Medicare becomes a secondary payer for such expenditures to the extent a "compensation award stipulates that the amount paid is intended to compensate the individual for all future medical expenses," *42 CFR § 411.46(a),* or "the settlement agreement allocates certain amounts for specific future medical services," *42 CFR § 411.46(d)(2).*
>
> The settlement in this case, however, does not arise in the worker's compensation context. And it does not indicate a particular amount to compensate Mr. Sipler for future medical expenses arising out of the accident. Nor should it. In contrast to the worker's compensation scheme that "generally determine[s] recovery on the basis of a rigid formula, often with a statutory maximum . . . . [t]ort cases . . . involve noneconomic damages not available in workers' compensation cases, and a victim's damages are not determined by an established formula." *Zinman v. Shalala, 67 F.3d 841, 846 (9th Cir. 1995)* (citation omitted).

3

Thus, to require personal injury settlements to specifically apportion future medical expenses would prove burdensome to the settlement process and, in turn, discourage personal injury settlements.[2] See *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 215, 114 S. Ct. 1461, 128 L. Ed. 2d 148 (1994) (noting that "public policy wisely encourages settlements"). In sum, [*10] the parties in this case need not include language in the settlement documents noting Mr. Sipler's obligations to Medicare or fashion a Medicare set-aside for future medical expenses.

[2] Indeed, it would be particularly discouraging if litigants were required to obtain Medicare's pre-approval of a settlement. (See *Sipler* case attached as Exhibit A)

19. The reasoning from the District Judge in *Sipler* is equally compelling in this action and this Court should adopt and follow said reasoning to find that Medicare has no interest in future medical payments related to Plaintiff Miller's personal injury case.

WHEREFORE, Plaintiff respectfully requests that this Court adjudicate any interest of Medicare for future or past medical payments made on Plaintiff's behalf, to zero, declare that Medicare does not have any rights or claims to reimbursement for past or future medical payments from Defendants, Defendants' insurance carrier, Plaintiff or the attorneys in this matter and that Defendant is ordered to provide a settlement draft to Plaintiff which does not list Medicare as a payee and lists only Plaintiff James Ruben Miller and his attorneys, O'Connor & Nakos, Ltd. as payees.

/S/ JEFFREY S. JORDAN
Attorneys for Plaintiff(s)

Jeffrey S. Jordan
**O'CONNOR & NAKOS, LTD.**
120 North LaSalle Street, 35th Floor
Chicago, IL 60602
312-546-8100
ARDC No. 6283176